UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RECEIPT # 63629
AMOUNT $ 250
SUMMONS ISSUED Y-3
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 4/19/05

---

THE GROUND ROUND INDEPENDENT OWNERS
COOPERATIVE, LLC,

  Plaintiff,

- vs. -

CHARLES WHITMAN a.k.a. Chuck Whitman, CTW
DEVELOPMENT CORPORATION, RESTAURANT
CONCEPTS UNLIMITED CORPORATION

  Defendants.

C.A. No.: _____

05cv10780NM

MAGISTRATE JUDGE _____

---

## COMPLAINT

This is an action for breach of contract and trademark infringement based on the continued unauthorized and holdover operation of a Ground Round franchise by Defendants Charles T. Whitman, CTW Development Corporation and Restaurant Concepts Unlimited Corporation following their failure to report gross sales upon which royalty fees are based and to pay monetary obligations based on their failure to report and pay royalties. Plaintiff seeks injunctive and monetary relief against Defendants for the reasons set forth below.

### Parties

1.  Plaintiff The Ground Round Independent Owners Cooperative, LLC (the "IOC") is a Delaware limited liability company with its principal place of business in Freeport, Maine, and is successor in interest to the Ground Round, Inc., by assignment on July 28, 2004, pursuant to an Order of the Bankruptcy Court in the case of American Hospitality Concepts, Inc. The IOC and its predecessor is engaged in the business of franchising independent business persons to operate Ground Round restaurants throughout the United States. The Ground Round

BOS1484189.1

franchisees are licensed to use trade names, service marks, and trademarks of The Ground Round and to operate under The Ground Round system, which involves the production, merchandising, and sale of casual dining establishments utilizing a specially designed building with special menus, equipment, equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, proprietary marks and identification.

2.      Defendants CTW Development Corporation and Restaurant Concepts Unlimited Corporation are Ohio corporations with their principal places of business in Ohio. At all times relevant to this Complaint, these corporate defendants were the operators of The Ground Round restaurant located at 3701 Elm Road, Route 82, Warren, OH 44483. Corporate defendants are operating under color of a Franchise Agreement, dated February 12, 1999, issued to D&M Turner Enterprises, Inc., a franchisee for the Ground Round shop pursuant to the Franchise Agreement. The Franchise Agreement was assigned pursuant to a Transfer Agreement, which was to become effective when a certain liquor license was transferred to Restaurant Concepts Unlimited Corporation.

3.      Defendant Charles T. Whitman, also known as Chuck Whitman, is a citizen and resident of the State of Ohio. At all times relevant to this Complaint, Mr. Whitman was an officer and shareholder of the corporate defendants and personally guaranteed and agreed to perform corporate defendants' obligations under the Franchise Agreement, or by operation of law. Pursuant to the Transfer Agreement, he may have been partially released from past due debt in his personal capacity under the Guarantee but remains liable under a fraudulent conveyance theory.

### Venue and Jurisdiction

4.      The United States District Court for the District of Massachusetts has jurisdiction pursuant to §§ 34(a) and 39 of the Lanham Act, 15 U.S.C. §§ 1116(a) & 1121; and 28 U.S.C. §§ 1331, 1332(a), 1338, and 1367. The amount in controversy exceeds $75,000, exclusive of costs and interest.

5.      Venue is proper in this United States District Court, pursuant to 28 U.S.C. § 1391(b), as the principal office of the Ground Round, Inc., is in Boston, Massachusetts, and the Franchise Agreement specifies that location for venue. In addition, the Transfer Agreement states that Boston is the proper venue.

6.      This Court has *in personam* jurisdiction over Defendants because they agreed to this venue.

### The Parties' Rights and Obligations Under the Franchise Agreement

7.      On or about February 12, 1995, The Ground Round, Inc. and D&M Turner Enterprises, Inc. (as franchisee) entered into the Franchise Agreement. The franchise agreement was personally guaranteed by Chuck Whitman and the defendant corporations continue to operate under color of the Franchise Agreement as assignee of the franchisee's interest. The IOC is the successor to the franchisor's interest.

8.      Pursuant to the Franchise Agreement, Defendants' predecessor agreed to operate a Ground Round restaurant located at 3701 Elm Road, Route 82, Warren, OH 44483 ("Defendant's Shop") utilizing the Ground Round trade names, trademarks, trade dress, proprietary marks, and the Ground Round System. Under the Transfer Agreement, Restaurant Concepts Unlimited Corporation assumed all obligations as franchisee under the Franchise Agreement.

9. The Defendants through their predecessor were licensed to use the Ground Round trademarks, trade name, and trade dress in accordance with the terms of their Franchise Agreement.

10. Under the terms of the Franchise Agreement, Defendants agreed to do certain things, including accurately reporting on an approved form each month gross sales for the preceding month, at which time all fees required to be paid were to be remitted.

11. The Franchise Agreement executed by the Defendant's predecessor also contains acknowledgments and agreements by the Defendants concerning the continued use of the Ground Round's proprietary marks or any methods associated with the name "Ground Round" after the termination of the Franchise Agreement.

12. The applicable paragraphs of the Franchise Agreement include:

Para. 3.B. – requirement to pay a continuing royalty fee of 3% of Gross Revenues within 10 days after the end of each fiscal month.

Para. 3.C. – Payment of late fees of 1.5% per month.

Para. 3.D. – Payment of all collection fees, including reasonable attorneys' fees.

Para. 4. – Providing of Fiscal Month Operating Statements and Annual Reports.

Defendants also agreed under the Franchise Agreement not to do or perform directly or indirectly any act injurious or prejudicial to the good will associated with the Ground Round System proprietary marks.

### Defendants' Defaults Under the Lease and Franchise Agreement

13. Defendants have failed to pay when due all monies owed to the IOC under their Franchise Agreement, nor have they reported gross sales necessary for calculating franchise and advertising fees due under the Franchise Agreement.

14. Plaintiff sent Defendants or their predecessor several Notices to Cure letters demanding that Defendants pay all monies due to Plaintiff and send Fiscal Month Operating Statements and Annual Reports.

15. Defendants failed to timely cure their defaults or disclaim that Restaurant Concepts Unlimited Corporation was liable for the debt or that Charles T. Whitman was not liable as a personal guarantor.

16. On or about January 26, 2005, Plaintiff sent Defendants and their predecessors a Notice of Termination demanding that Defendants comply with their post-termination obligations to cease operating, and delivering possession of the premises.

17. The Notice of Termination was based on the failure of Defendants to:

   (a) Disclose material facts to the IOC, namely monthly sales reports, Fiscal Month Operating Statements and Annual Reports,

   (b) Failure to remedy defaults itemized for payments by facsimile dated October 12, 2004;

   (c) Failure to pay August and September, 2004 royalties of 3% and production fees of 0.5%; and

   (d) Insolvency or inability to pay creditors.

18. Upon termination of the Franchise Agreement, Defendants are obligated to offer to the IOC all of their assets for purchase and pay all amounts owed. Defendants have refused to do so despite repeated requests.

19. Defendant Charles T. Whitman and the company he owns or controls, CTW Development Corporation, transferred monies to themselves from Restaurant Concepts Unlimited Corporation, with the actual intent to hinder, delay or defraud Plaintiff, and did so at a

time and/or rendered Restaurant Concepts Unlimited Corporation insolvent or unable to pay Plaintiff thereby.

## COUNT I
### (Breach of Contract)
### On behalf of IOC against all Defendants

20. The preceding allegations are hereby incorporated by reference.

21. Defendants are in default of their Franchise Agreement by virtue of the defaults.

22. These breaches of the Franchise Agreement constitute grounds for terminating the Franchise Agreement.

23. Under paragraph 19.H. of the Franchise Agreement, liquidated damages for future lost franchise fees are calculated at $108,000 being 3% of the assumed annual revenues of $1.2 million times 3 years.

24. In addition, Defendants owe the IOC past royalties and production fees totaling $26,000.

25. Defendants are also liable for all counsel fees for the cost of this suit and all previous attempts at collection.

26. As a direct and proximate result of these breaches, the IOC is owed $145,500.

27. Charles T. Whitman is personally liable under his original personal Guarantee of 1995, if the conditions of the Transfer Agreement were never satisfied. In the alternative, he is liable under the remaining portion of the personal Guarantee, which was only partially discharged under the Transfer Agreement, or for violation of the Uniform Fraudulent Conveyance Statute preventing a fraud on creditors under such circumstances.

Wherefore, plaintiff demands judgment against defendants, jointly and severally, for $145,500.

BOS1484189.1

## COUNT III
### (Trademark Infringement)

28. The preceding allegations are hereby incorporated by reference.

29. Defendants' post-termination use of the Ground Round trademarks, trade name, and trade dress is likely to confuse or deceive the public into believing, contrary to fact, that their shops are licensed, franchised, sponsored, authorized, or otherwise approved by the IOC, or are in some other way connected or affiliated with the IOC. Such unlicensed use infringes the IOC's exclusive rights in the IOC trademarks under § 32 of the Lanham Act, 15 U.S.C. 1114.

30. Defendants' acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive on and after January 27, 2005.

31. As a result of Defendants' actions, the IOC has suffered and is continuing to suffer irreparable injury, and has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

Wherefore, Plaintiff requests damages and counsel fees under the Lanham Act against Defendants with an injunction against further infringement.

## COUNT IV
### (Unfair Competition)

32. The preceding allegations are hereby incorporated by reference.

33. The Defendants' use of the Ground Round trademarks, trade name, and trade dress after the termination of their Franchise Agreement is likely to cause confusion; or to cause mistake, or to deceive as to the origin, sponsorship, or approval of their goods, services, or commercial activities. Such continued unauthorized use of the Ground Round trademark and trade name violates § 43 of the Lanham Act, 15 U.S.C. § 1125(a).

34. Defendants' acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

35. As a result of Defendants' actions, Ground Round has suffered and is continuing to suffer irreparable injury, and has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

### COUNT V
### (Injunction and Specific Performance)

36. After termination, Defendants are obligated to tender their operating assets for sale to the IOC, but despite repeated requests, have refused to tender their operating assets, including their liquor license and lease.

Wherefore, Plaintiff requests that an order issued against Defendants enjoining sale of their operating assets, including their liquor license and lease and requiring Defendants to tender such assets for purchase to Plaintiff in accordance with the Franchise Agreement.

**WHEREFORE**, the IOC prays that this Court:

A. Enter judgment in favor of Plaintiff against Defendants for the damages incurred by Plaintiffs as a result of Defendants' actions;

B. Award Plaintiffs exemplary or punitive damages against Defendants as a result of their actions;

C. Award the IOC judgment against Defendants for the damages The Ground Round has sustained and the profits Defendants have derived as it result of their trademark infringement and unfair competition, that such damages be assessed in a separate accounting procedure and trebled in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

D. Enter an injunctive order ratifying and enforcing the termination of the Franchise Agreement;

BOS1484189.1

E.  Enter an order enjoining Defendants, and all those acting in concert with them, by preliminary and permanent injunction, from using the Ground Round trademarks, trade name, and trade dress, and from otherwise engaging in unfair competition with the IOC;

F.  Enter an order directing Defendants to comply with all obligations of a franchisee upon termination of the franchise, as provided in the Franchise Agreement;

G.  Award the IOC prejudgment interest in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

I.  Award Plaintiff its costs and attorneys' fees incurred in connection with this action; and

J.  Award Plaintiffs such other relief as this Court may deem just and proper.

Respectfully submitted,

THE GROUND ROUND INDEPENDENT
OWNERS COOPERATIVE, LLC,

By its attorneys,

_____
Juan A. Concepción, BBO No.658908
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110-2131
(617) 345-1000

Craig R. Tractenberg, Esq. (PA I.D. No. 34636)
(Admission *Pro Hac Vice* to be filed)
NIXON PEABODY LLP
1818 Market Street, 11th Floor
Philadelphia, PA 19103
(215) 246-3525

Dated: April 19, 2005

BOS1484189.1

§JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
The Ground Round Independent Owners Cooperative, LLC

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Juan A. Concepcion, Craig R. Tractenberg
Nixon Peabody LLP, 100 Summer Street
Boston, MA  02110  (617) 345-1000

## DEFENDANTS
Charles Whitman a/k/a Chuck Whitman, CTW Development Corporation, Restaurant Concepts Unlimited Corporation

County of Residence of First Listed Defendant   **Mahoning County, OH**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Sections 1114, 1116, 1117, 1125

Brief description of cause:
Action for trademark infringement and breach of contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ In excess of $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE: 4/19/05
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __The Ground Round Independent Cooperative, LLC v. Charles Whitman a/k/a Chuck Whitman, et al__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   | | | |
   |---|---|---|
   | ☐ | I. | 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT. |
   | ☒ | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases |
   | ☐ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. |
   | ☐ | IV. | 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. |
   | ☐ | V. | 150, 152, 153. |

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐   NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Juan A. Concepcion
ADDRESS   Nixon Peabody LLP, 100 Summer Street, Boston, MA 02110
TELEPHONE NO.   (617) 345-1000

(CategoryForm.wpd - 2/15/05)