UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
THE GROUND ROUND INDEPENDENT )
OWNERS COOPERATIVE, LLC,        )
                                                    )
           Plaintiff,                           )
                                                    )    Civil Action No. 1:05-cv-10780-NMG
           v.                                    )
                                                    )
CHARLES WHITMAN a.k.a. Chuck  )
Whitman, C.T.W. DEVELOPMENT  )
CORPORATION, RESTAURANT     )
CONCEPTS UNLIMITED               )
CORPORATION,                           )
                                                    )
           Defendants.                         )
_____)

**MOTION TO REMOVE DEFAULTS AGAINST C.T.W. DEVELOPMENT
CORPORATION AND RESTAURANT CONCEPTS UNLIMITED
AND OPPOSITION TO MOTION FOR ENTRY OF DEFAULT AGAINST CHARLES
WHITMAN A.K.A. CHUCK WHITMAN**

Pursuant to Fed. R. Civ. P. 55(c), Defendants C.T.W. Development Corporation ("CTW") and Restaurant Concepts Unlimited Corporation ("Restaurant Concepts"), hereby move this Court to remove the defaults entered against them on May 19, 2005. Furthermore, Defendant Charles Whitman a.k.a. Chuck Whitman ("Whitman") hereby opposes Plaintiff's Request for Issuance of a Notice of Default against him. All Defendants are also requesting 20 days from the allowance of this Motion to respond to the Complaint.

CTW and Restaurant Concepts were defaulted for failing to file their responses to the Complaint in a timely manner, and Plaintiff is seeking the entry of default against Whitman for the same reason. All Defendants intend to cure their omissions forthwith and, accordingly, request that the entries of default against CTW and Restaurant Concepts be vacated and that a default not be entered against Whitman in order to permit this action to proceed. As further grounds for this Motion, Defendants state as follows:

1. The Court's docket reflects that Whitman was served process on April 28, 2005; CTW was served on April 22, 2005; and Restaurant Concepts was served on April 25, 2005. All the Defendants are foreign; service on all three was attempted in Ohio.

2. On May 18, 2005, Plaintiff moved for the entry of default against Restaurant Concepts and CTW. On May 19, 2005, Plaintiff moved for the entry of default against Whitman.

3. On May 19, 2005, Defendants retained undersigned counsel to represent them in this proceeding.

4. On Thursday, May 19, 2005, Thomas I. Elkind, counsel for Defendants, phoned counsel for Plaintiff to request Plaintiff's assent to a motion to remove the defaults and to obtain a reasonable period of time to respond to the Complaint. However, Mr. Elkind's phone call was not returned until May 20, 2005.

5. On May 23, 2005, Mr. Elkind spoke to Plaintiff's counsel and requested the Plaintiff's assent to this Motion to remove the defaults and for a period of 20 days to respond to the Complaint. But Plaintiff's counsel refused Mr. Elkind's reasonable request in an apparent attempt to extract leverage in another proceeding pending in Ohio.

6. The entry of default against the Defendants is a "a drastic sanction that should be employed only in an extreme situation. Default judgments are disfavored in the law. The essential reason for the traditional reluctance of the courts to default a party is the policy of the law favoring the disposition of cases on their merits." Affanato v. Merrill Bros., 547 F.2d 138, 140 (1st Cir. 1977) (internal citations & quotations omitted).

7. The Court may set aside the entry of default for "good cause shown." Fed. R. Civ. P. 55(c). In considering whether to set aside the default, this Court should consider "(1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3)

whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; (7) the timing of the motion [to set aside entry of default]." McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 503 (1st Cir. 1996). Each of these factors favors setting aside the defaults here.

8. In this case, the Defendants' conduct in failing to respond to the Complaint was not willful; rather, their omission was due to not realizing they had been served and, in part, on delays in their receipt of the Complaint due to irregularities in the Plaintiff's service of process.

9. The Plaintiff will not be prejudiced by this delay whatsoever, as the Defendants are willing to forego any challenge to the propriety of service and to respond to the Complaint within 20 days.

10. Defendants have retained counsel and are prepared to defend this case. Moreover, there is a meritorious defense to this action, as there is no basis to assert personal jurisdiction over at least two of the Defendants (Whitman and CTW).

11. The Defendants have, in good faith, attempted to cooperate with the Plaintiff in removing this default. Moreover, the Defendants' failure to respond to the Complaint was not in bad faith, as it was not, for instance, part of any tactic or scheme to evade this lawsuit. Contrast McKinnon, 83 F.3d at 504 (no good faith where defendants "were aware of the pending legal problem, but hoped that it 'would all go away.'").

12. Maintenance of the default would be an especially drastic remedy in this case because, in addition to the claim for damages in excess of $145,000, Plaintiff is seeking an injunction and specific performance that would compel Defendants to tender their operating assets (including a lease and liquor license) for sale to Plaintiff. See Complaint, Counts I & V. In addition, entry of a default judgment against the Defendants would be a windfall for the Plaintiff.

13.     The Defendants have not delayed in responding to the entries of default, as this Motion to remove the entries of default is being filed less than one week after their entry (and, in the case of Whitman, before default has even entered).

WHEREFORE, Defendants respectfully request that the Court remove the defaults entered against CTW and Restaurant Concepts, deny the motion for the entry of default against Whitney, and order that a responsive pleading be filed within 20 days after the allowance of this Motion.

                                      Respectfully submitted,

                                      /s/ Stephen D. Riden
                                      Thomas I. Elkind, Esq. (BBO # 153080)
                                      Stephen D. Riden, Esq. (BBO # 644451)
                                      FOLEY & LARDNER LLP
                                      111 Huntington Avenue
                                      Boston, Massachusetts 02199
                                      (617) 342-4000

                                      Counsel for Defendants Charles Whitman a.k.a.
                                      Chuck Whitman, C.T.W. Development
                                      Corporation, and Restaurant Concepts
                                      Unlimited Corporation

Dated: May 23, 2005

## LOCAL RULE 7.1(A)(2) CERTIFICATE

Pursuant to Local Rule 7.1(A)(2), I, Thomas I. Elkind, hereby certify that prior to filing the foregoing motion, I attempted to confer with Plaintiff's counsel in a good faith attempt to resolve or narrow the issues raised hereby.

Respectfully submitted,

/s/ Thomas I. Elkind
Thomas I. Elkind, Esq. (BBO #153080)
FOLEY & LARDNER LLP
111 Huntington Avenue, 26th Floor
Boston, Massachusetts 02199
Telephone: (617) 342-4000

Dated: May 23, 2005