**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| THE GROUND ROUND INDEPENDENT OWNERS COOPERATIVE, LLC, <br><br> *Plaintiff,* <br><br> - vs. - <br><br> CHARLES WHITMAN a.k.a. Chuck Whitman, C.T.W. DEVELOPMENT CORPORATION, RESTAURANT CONCEPTS UNLIMITED CORPORATION, <br><br> *Defendants.* | Civil Action No.: 05-cv-10780 NMG |

**OPPOSITION OF THE PLAINTIFF, THE GROUND ROUND INDEPENDENT OWNERS COOPERATIVE, LLC, TO DEFENDANTS' MOTION TO REMOVE DEFAULTS AGAINST C.T.W. DEVELOPMENT CORPORATION AND RESTAURANT CONCEPTS UNLIMITED AND REPLY OPPOSITION TO MOTION FOR ENTRY OF DEFAULT AGAINST CHARLES WHITMAN A.K.A. CHUCK WHITMAN**

**INTRODUCTION**

The Plaintiff, The Ground Round Independent Owners Cooperative, LLC (the "IOC" or "Plaintiff"), hereby opposes the Defendants' Motion to Remove Defaults against C.T.W. Development Corporation ("CTW") and Restaurant Concepts Unlimited ("Restaurant Concepts") (the "Motion") and responds to the Defendants' Opposition to Motion for Entry of Default against Charles Whitman a.k.a. Chuck Whitman ("Whitman").

The IOC requests that this Court deny the Motion and enter default judgment against Whitman because: (1) Defendants were properly served under Fed. R. Civ. P. 4 and their failure to plead or otherwise respond to the Complaint despite their knowledge of the pending lawsuit

supports the entry of default and the entry of default judgment; (2) Defendants have failed to state a good and credible reason for their individual failures to timely plead or respond to the Complaint in accordance with Fed. R. Civ. P. 12; and (3) the Defendants have failed to articulate any possible meritorious defense to the claims raised in the detailed Complaint.

In further support of this Opposition, the IOC states the following:

As detailed in the three requests for issuance of notices of default previously filed, the Complaint was served on each Defendant and the entry of default against each was properly requested. Prior to the Defendants' obtaining counsel, defaults were entered against CTW and Restaurant Concepts and a default was requested against Whitman.

The Defendants have failed to state any good substantive reason for their failure to timely plead or respond to the Complaint. In their Motion, Defendants simply state that their "failure to respond was not in bad faith, as it was not, for instance, part of any tactic or scheme to evade this lawsuit." The Federal Rules of Civil Procedure do not allow defaults to be removed whenever a defendant has "clean" hands. Rather, the law requires that a party seeking to remove a default establish good "cause." Here, the Defendants have not met their burden. Most notably, the Defendants have not even attempted to articulate, or even summarize, why they might have any defenses.

## CONCLUSION

Accordingly, the IOC respectfully requests that this Court: (i) deny Defendants' Motion to Remove Defaults against CTW and Restaurant Concepts and (ii) enter default against Whitman for his failure to plead or otherwise respond to the Complaint.

Respectfully submitted,

THE GROUND ROUND INDEPENDENT
OWNERS COOPERATIVE, LLC,

By its attorneys,

/s/ Juan Alexander Concepción

_____

Juan Alexander Concepción, Esq. (BBO # 658908)
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110-2131
(617) 345-1000

Craig R. Tractenberg, Esq. (PA I.D. # 34636)
(Admission *Pro Hac Vice* to be filed)
NIXON PEABODY LLP
1818 Market Street, 11th Floor
Philadelphia, PA 19103
(215) 246-3525

Dated: June 6, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document has been furnished to Thomas I. Elkind, Esq., Foley & Lardner LLP, 111 Huntington Avenue, 26th Floor, Boston, MA  02199, via first class mail on June 6, 2005.

/s/ Juan Alexander Concepción

_____

Juan Alexander Concepción