UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GROUND ROUND INDEPENDENT OWNERS COOPERATIVE, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARLES WHITMAN a.k.a. Chuck Whitman, C.T.W. DEVELOPMENT CORPORATION, RESTAURANT CONCEPTS UNLIMITED CORPORATION,<br><br>    Defendants. | Civil Action No. 1:05-cv-10780-NMG |

**ANSWER OF DEFENDANTS C.T.W. DEVELOPMENT CORPORATION, CHARLES WHITMAN A.K.A. CHUCK WHITMAN, AND RESTAURANT CONCEPTS UNLIMITED CORPORATION**

Defendants C.T.W. Development Corporation, Charles Whitman a.k.a. Chuck Whitman, and Restaurant Concepts Unlimited Corporation (together the "Defendants") answer the Complaint of The Ground Round Independent Owners Cooperative, LLC, by correspondingly numbered paragraphs as follows:

Unnumbered introductory paragraph: Defendants admit that this action purports to be one for breach of contract and trademark infringement.  Defendants admit the allegation in the second sentence of the introductory paragraph that "Plaintiff seeks injunctive and monetary relief against Defendants. . . ."  Defendants deny the remaining allegations contained in the introductory paragraph of the Complaint.

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 1 of the Complaint.

2. Defendants admit the allegations in the first sentence of paragraph 2 of the Complaint. Defendants deny the allegations in the second sentence of paragraph 2 of the Complaint. Defendants deny that the Franchise Agreement referenced in the third sentence of paragraph 2 of the Complaint is dated February 12, 1999. The remaining allegations in the third sentence of paragraph 2 of the Complaint are legal conclusions to which no response is required. To the extent a response may be required, the remaining allegations contained in the third sentence of paragraph 2 of the Complaint contain vague and subjective language that does not permit a response. The allegations in the fourth sentence of paragraph 2 of the Complaint are legal conclusions to which no response is required. To the extent a response may be required, the allegations in the fourth sentence of paragraph 2 of the Complaint are denied.

3. Defendants admit the allegations in the first sentence of paragraph 3 of the Complaint. Defendants admit the allegations in the second sentence of paragraph 3 of the Complaint that "[a]t all times relevant to this Complaint, Mr. Whitman was an officer and shareholder of the corporate defendants." Defendants deny the remaining allegations in the second sentence of paragraph 3 of the Complaint. Defendants deny the allegations in the third sentence of paragraph 3 of the Complaint.

4. The allegations contained within paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent a response may be required, the allegations contained within paragraph 4 of the Complaint are denied.

5. The allegations contained within the first sentence of paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent a response may be required, the allegations contained within the first sentence of paragraph 5 of the Complaint are denied. The remaining allegations contained in paragraph 5 of the Complaint seek to

characterize a document which, in its entirety, speaks for itself. To the extent that the allegations misstate or mischaracterize the substance, content or effect of the document, or cite to the same out of context or in a misleading fashion, they are denied.

6. Denied.

7. Defendants admit the allegations in the first sentence of paragraph 7 of the Complaint. The allegation in the second sentence of paragraph 7 of the Complaint that Mr. Whitman personally guarantied the franchise agreement is a legal conclusion to which no response is required. The remaining allegation in the second sentence of paragraph 7 of the Complaint is a legal conclusion to which no response is required; to the extent a response may be required, the remaining allegation contained in the second sentence of paragraph 7 of the Complaint contains vague and subjective language that does not permit a response. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in the third sentence of paragraph 7 of the Complaint.

8. The allegations contained in the first sentence of paragraph 8 of the Complaint seek to characterize a document which, in its entirety, speaks for itself. To the extent that the allegations misstate or mischaracterize the substance, content or effect of the document, or cite to the same out of context or in a misleading fashion, they are denied. The allegations in the second sentence of paragraph 8 of the Complaint are legal conclusions to which no response is required. To the extent a response may be required, the allegations in the second sentence of paragraph 8 of the Complaint seek to characterize a document which, in its entirety, speaks for itself. To the extent that the allegations misstate or mischaracterize the substance, content or effect of the document, or cite to the same out of context or in a misleading fashion, they are denied.

9. The allegations in paragraph 9 of the Complaint are legal conclusions to which no response is required.

10. The allegations contained in paragraph 10 of the Complaint seek to characterize a document which, in its entirety, speaks for itself. To the extent that the allegations misstate or mischaracterize the substance, content or effect of the document, or cite to the same out of context or in a misleading fashion, they are denied.

11. The allegations contained in paragraph 11 of the Complaint seek to characterize a document which, in its entirety, speaks for itself. To the extent that the allegations misstate or mischaracterize the substance, content or effect of the document, or cite to the same out of context or in a misleading fashion, they are denied.

12. The allegations contained in paragraph 12 of the Complaint seek to characterize a document which, in its entirety, speaks for itself. To the extent that the allegations misstate or mischaracterize the substance, content or effect of the document, or cite to the same out of context or in a misleading fashion, they are denied.

13. Denied.

14. Denied.

15. Denied.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 16 of the Complaint.

17. Denied.

18. Denied.

19. Denied.

20. Defendants restate and incorporate herein their answers to paragraphs 1 through 19 as set forth above.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Defendants restate and incorporate herein their answers to paragraphs 1 through 27 as set forth above, and note that the Complaint does not contain a "Count II."

29. Denied.

30. Denied.

31. Denied.

32. Defendants restate and incorporate herein their answers to paragraphs 1 through 31 as set forth above.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Upon information and belief, Plaintiff is estopped from asserting its claims.

### Second Affirmative Defense

Upon information and belief, Plaintiff's claims are barred by the doctrine of unclean hands.

### Third Affirmative Defense

Upon information and belief, Plaintiff has materially breached its obligations.

### Fourth Affirmative Defense

If Defendants have failed to perform any of their agreements contained in the instruments referred to in the Complaint, they were excused from the performance of such agreements.

### Fifth Affirmative Defense

This Court lacks personal jurisdiction over the Defendants.

### Sixth Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted against Defendants.

### Seventh Affirmative Defense

Upon information and belief, Plaintiff has not suffered any compensable damages.

### Eighth Affirmative Defense

Upon information and belief, if Plaintiff has suffered any damage, which Defendants expressly deny, any such damage was caused by the acts or omissions of others, for whose actions Defendants are not legally responsible.

### Ninth Affirmative Defense

Upon information and belief, Plaintiff has failed to attempt to mitigate its own damages.

### Tenth Affirmative Defense

This Court is the improper venue for this action.

**JURY DEMAND**

Defendants hereby demand a trial by jury on all claims and issues so triable.

**WHEREFORE**, Defendant C.T.W. Development Corporation, Charles Whitman a.k.a. Chuck Whitman, and Restaurant Concepts Unlimited Corporation hereby respectfully pray that this Court:

A. Enter Judgment in their favor and against Plaintiff The Ground Round Independent Owners Cooperative, LLC on all claims asserted against them;

B. Award Defendants their court costs and reasonable attorneys' fees; and

C. Award Defendants all such other relief as is just and fair.

Respectfully submitted,

/s/ Stephen D. Riden
Thomas I. Elkind, Esq. (BBO # 153080)
Stephen D. Riden, Esq. (BBO # 644451)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, Massachusetts 02199
(617) 342-4000

Counsel for Defendants Charles Whitman a.k.a. Chuck Whitman, C.T.W. Development Corporation, and Restaurant Concepts Unlimited Corporation

Dated: July 20, 2005