UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GROUND ROUND INDEPENDENT OWNERS COOPERATIVE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES WHITMAN a.k.a. Chuck Whitman, C.T.W. DEVELOPMENT CORPORATION, RESTAURANT CONCEPTS UNLIMITED CORPORATION,<br><br>Defendants. | Civil Action No. 1:05-cv-10780-NMG |

**MEMORANDUM OF LAW IN SUPPORT OF CHARLES WHITMAN'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**

Defendant Charles Whitman hereby submits this Memorandum of Law in support of his Motion for Leave to File Third-Party Complaint against David D. Turner and Mollie J. Turner (the "Motion") who are or may be liable to Mr. Whitman for part of the plaintiffs' claims against him. The proposed Third-Party Complaint is attached hereto as <u>Exhibit A</u>. In support of this Motion, Mr. Whitman states as follows:

1.  The Motion is filed prior to the deadline for the addition of new parties.

2.  Mr. Whitman seeks leave as a third-party plaintiff to file a Third-Party Complaint in order to join two parties who are liable for part of Plaintiff The Ground Round Independent Owners Cooperative, LLC's ("Ground Round") claims against Mr. Whitman. A true and correct copy of Mr. Whitman's proposed Third-Party Complaint is attached hereto as <u>Exhibit A</u>.

3.  This action was initiated by the assignee (Ground Round) of an entity that entered into a franchise agreement (the "Franchise Agreement") with a non-party franchisee. In its

Complaint, Ground Round alleges that Mr. Whitman guaranteed the Franchise Agreement and seeks damages and performance from Mr. Whitman based on an alleged breach of the Franchise Agreement.

4. The Franchise Agreement is the legal and factual basis for Ground Round's claims against Mr. Whitman, *as well as* for Mr. Whitman's claims against Third-Party Defendants David Turner and Mollie Turner.

5. Mr. Whitman's claims against the Third-Party Defendants are based on the fact that both David and Mollie Turner were co-guarantors of the Franchise Agreement. Thus, Mr. Whitman seeks contribution from David and Mollie Turner to the extent that Mr. Whitman's liability to Ground Round is determined to be greater than his pro rata share of the alleged guaranty.

6. This Motion is sought to avoid serial actions, to promote judicial economy, and to place all necessary parties before the Court.

7. Rule 14(a) of the Federal Rules of Civil Procedure provides that a defendant may bring into an action a third party whom the defendant claims is liable to it for "all or part of the plaintiff's claim against the third-party plaintiff." The purpose of impleader under Rule 14 is to "avoiding unnecessary duplication and circuity of action." Lehman v. Revolution Portfolio LLC, 166 F.3d 389, 393 (1st Cir. 1999). In order to promote the policy underlying Rule 14, the federal courts are directed to construe the rule liberally. Id. Impleader is appropriate when a third-party plaintiff's claims against third-party defendants arise from the same transaction or occurrence as the claims against the original defendant. United States ex rel. S. Prawer & Co. v. Fleet Bank of Maine, 24 F.3d 320, 328 (1st Cir. 1994)

8.  In the present case, Third-Party Plaintiff Whitman contends that David and Mollie Turner are liable to him for contribution arising out of the very contract Plaintiff Ground Round relies upon for its claims against Mr. Whitman. Circumstances such as these are precisely the reason Rule 14 was first devised to bring all the parties necessary to complete resolution of the matter before the Court.

**WHEREFORE**, Charles Whitman hereby respectfully requests, pursuant to Fed. R. Civ. P. 14(a), that he be granted leave to file a Third-Party Complaint against David D. Turner and Mollie J. Turner in the form attached hereto as Exhibit A.

Respectfully submitted,

/s/ Stephen D. Riden
Thomas I. Elkind, Esq. (BBO # 153080)
Stephen D. Riden, Esq. (BBO # 644451)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, Massachusetts 02199
(617) 342-4000

Counsel for Defendants Charles Whitman a.k.a. Chuck Whitman, C.T.W. Development Corporation, and Restaurant Concepts Unlimited Corporation

Dated: October 31, 2005

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GROUND ROUND INDEPENDENT OWNERS COOPERATIVE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES WHITMAN a.k.a. Chuck Whitman, C.T.W. DEVELOPMENT CORPORATION, RESTAURANT CONCEPTS UNLIMITED CORPORATION,<br><br>Defendants.<br><br>CHARLES WHITMAN,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>DAVID D. TURNER, and MOLLIE J. TURNER,<br><br>Third-Party Defendants. | Civil Action No. 1:05-cv-10780-NMG |

## **THIRD-PARTY COMPLAINT**

1. The Third-Party Plaintiff is Charles Whitman.  Mr. Whitman is a defendant in the action commenced by plaintiff The Ground Round Independent Owners Cooperative, LLP ("Ground Round").

2. Upon information and belief, Third-Party Defendant David D. Turner is an individual who resides at 10260 Midway Drive, New Middleton, Ohio 44442.

3. Upon information and belief, Third-Party Defendant Mollie J. Turner is an individual who resides at 9838 Callawoods Drive, Canfield, Ohio 44406.

4. This Court has personal jurisdiction over David Turner and Mollie Turner because they consented to this venue.

5. This Court has supplemental jurisdiction over Mr. Whitman's claims.

6. Ground Round filed a Complaint against Mr. Whitman alleging that, on or about February 12, 1995, The Ground Round, Inc. (as franchisor) and D&M Turner Enterprises, Inc. (as franchisee) entered into a franchise agreement (the "Franchise Agreement") for the operation of a restaurant located at 3701 Elm Road, Route 82, Warren, OH 44483.

7. Ground Round alleges in its Complaint that the Franchise Agreement was personally guaranteed by Mr. Whitman.

8. The Franchise Agreement was personally guaranteed by David Turner and Mollie Turner.

9. Ground Round alleges that it is the successor to the original franchisor's interest in the Franchise Agreement and that Restaurant Concepts Unlimited Corporation ("Restaurant Concepts") is the successor to the original franchisee's interest.

10. Ground Round alleges that the Franchise Agreement requires accurate reporting of each month's gross sales for the preceding month, at which time all fees required to be paid were to be remitted.

11. Ground Round alleges that the Franchise Agreement also contains acknowledgments and agreements by the franchisee concerning the continued use of Ground Round's proprietary marks or any methods associated with the name "Ground Round" after the termination of the Franchise Agreement.

2

12. Ground Round alleges that Restaurant Concepts failed to pay when due all monies owed to Ground Round under the Franchise Agreement, and Restaurant Concepts failed to report gross sales necessary for calculating franchise and advertising fees due under the Franchise Agreement.

13. Ground Round asserts a claim of breach of contract against Mr. Whitman based on (1) the alleged default under the Franchise Agreement; and (2) Mr. Whitman's alleged guaranty of the Franchise Agreement.

14. Ground Round seeks damages in excess of $145,500 for its breach of contract claim.

15. Ground Round also asserts claims of (1) trademark infringement, (2) unfair competition, and (3) injunction and specific performance.

## COUNT I
## (Contribution)

16. Mr. Whitman hereby incorporates by reference the allegations contained in the foregoing paragraphs of this Third-Party Complaint.

17. If Mr. Whitman is found liable to Ground Round on any of the claims asserted by Ground Round in the Complaint, any such liability would be as a result of his alleged guaranty of the Franchise Agreement, which David Turner and Mollie Turner also guarantied.

18. As a result of David Turner and Mollie Turner's agreement to act as co-guarantors of the Franchise Agreement, Mr. Whitman is entitled to contribution from them for any payment or liability beyond the extent of Mr. Whitman's share of his alleged guaranty.

## COUNT II
## (Declaratory Judgment)

19. Mr. Whitman hereby incorporates by reference the allegations contained in the foregoing paragraphs of this Third-Party Complaint.

3

20. In light of the allegations contained herein, an actual and justiciable controversy within the meaning of 28 USC § 2201(a), has arisen and exists between Mr. Whitman and the Third-Party Defendants as to the parties' rights and obligations concerning whether David Turner and Mollie Turner, as co-guarantors of the Franchise Agreement, are obligated to exonerate Mr. Whitman from any liability beyond the extent of his own share as a third alleged co-guarantor of the Franchise Agreement.

21. Mr. Whitman is entitled to a binding declaration from the Court that David Turner and Mollie Turner are required to exonerate Mr. Whitman from any liability beyond the extent of his own share of his alleged guaranty of the Franchise Agreement.

WHEREFORE, Third-Party Plaintiff Charles Whitman demands relief as follows:

1. That David Turner and Mollie Turner be ordered to perform and/or pay to Mr. Whitman any and all amounts or performance beyond the extent of Mr. Whitman's share of his alleged guaranty that he is found liable to perform or pay to Ground Round, plus costs;

2. Declare that David Turner and Mollie Turner are obligated to exonerate Mr. Whitman from any and all liability beyond the extent of Mr. Whitman's share of his alleged guaranty that he is found liable to pay to Ground Round; and

3. For such further relief as this Court deems just and proper.

Respectfully submitted,

_____
Thomas I. Elkind, Esq. (BBO # 153080)
Stephen D. Riden, Esq. (BBO # 644451)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, Massachusetts 02199
(617) 342-4000

Counsel for Defendants Charles Whitman a.k.a. Chuck Whitman, C.T.W. Development Corporation, and Restaurant Concepts <u>Unlimited Corporation</u>

Dated: October 31, 2005

5