UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE GROUND ROUND INDEPENDENT OWNERS COOPERATIVE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES WHITMAN a.k.a. Chuck Whitman, C.T.W. DEVELOPMENT CORPORATION, RESTAURANT CONCEPTS UNLIMITED CORPORATION,<br><br>Defendants. | Civil Action No. 1:05-cv-10780-NMG<br><br>**CHARLES WHITMAN'S MOTION TO CONTINUE ALTERNATIVE DISPUTE RESOLUTION HEARING** |

Defendant Charles Whitman respectfully requests that this Court continue the Alternative Dispute Resolution Hearing (the "ADR Hearing"), currently scheduled for November 17, 2005, for at least 90 days pending the allowance of Mr. Whitman's Motion for Leave to File Third-Party Complaint (the "Motion for Leave"), which was filed on October 31, 2005. As grounds for bringing this Motion, Mr. Whitman states as follows:

1. Pursuant to this Court's Scheduling Order of September 23, 2005, this case was referred to mediation for November 2005. On October 17, this Court scheduled the ADR Hearing for November 17, 2005.

2. Consistent with this Court's Scheduling Order, on October 31, 2005, Mr. Whitman filed his Motion for Leave. As more fully stated in the Memorandum of Law in Support of the Motion for Leave (the "Memorandum"), Mr. Whitman's claims against the proposed Third-Party Defendants, David and Mollie Turner, are based on the fact that they are both co-guarantors of the same franchise agreement that The Ground Round Independent Owners Cooperative, LLC

BOST_185984.1

(the "Ground Round") is seeking to enforce in this action. Thus, Mr. Whitman seeks contribution from the Turners to the extent that Mr. Whitman's liability to Ground Round is determined to be greater than his pro rata share of the alleged guaranty. Memorandum, ¶ 5.

3. Among the stated purposes for Mr. Whitman's Motion for Leave is to "avoid serial actions, to promote judicial economy, and to place all necessary parties before the Court." Memorandum, ¶ 6.

4. An advantage in having all necessary parties before the Court (*i.e.*, David and Mollie Turner) is that if there is a settlement of Ground Round's lawsuit, any such settlement could also simultaneously resolve Mr. Whitman's claims for contribution against the Turners, as all parties would be present and all defendants would be available to directly assert their defenses to Ground Round's claims.

5. This global resolution of all claims would promote judicial economy by rendering further rounds of settlement discussions and a multiplicity of lawsuits unnecessary.

6. Conversely, unless his co-guarantors are also at the negotiating table, Mr. Whitman would be more resistant to offering any substantial amount in settlement of Ground Round's claims against him. Accordingly, Mr. Whitman and all Defendants believe that any mediation at this stage – prior to the appearance of Mollie and David Turner – would be an exercise in futility. Further, all costs associated with Mr. Whitman's attendance at a November mediation in Boston – including hotel, airfare, and attorneys' fees – would be wasted.

7. Undersigned counsel spoke with the mediator Doug Allen on November 4, 2005 and explained that Mr. Whitman is seeking to continue the ADR Hearing. Mr. Allen responded that Mr. Whitman's request sounded reasonable in light of his Motion for Leave and seemed to be the right thing to do.

8. Nevertheless, Ground Round has refused to agree to a continuance of the ADR Hearing based on the apparent (and mistaken) belief that Mr. Whitman is seeking to continue the ADR Hearing merely to obtain delay of the litigation. There is no basis for Ground Round's contention. Mr. Whitman's intentions in bringing in the Turners are clear and are in good faith: he does not want to bear the entire burden of defending Ground Round's guaranty claims alone. Similarly, his intention in seeking a continuance of the ADR Hearing is to avoid a futile settlement discussion this month and, instead, to create the opportunity for a fruitful mediation session in the future. Had Ground Round named all three guarantors in its Complaint, it could have set the stage for a more productive mediation long ago.

9. A continuance of the ADR Hearing now would allow for a productive mediation later. The only way there can be a productive mediation will be to reschedule it to a time when the Turners are parties to this action and all parties are present to attempt to resolve their claims simultaneously.

10. Accordingly, a continuance of the ADR Hearing is in the interest of justice and no parties to this action will be prejudiced by the requested continuance.

11. All defendants assent to the continuance of the ADR Hearing as requested in this Motion.

WHEREFORE, Charles Whitman respectfully requests that this Court grant this Motion To Continue Alternative Dispute Resolution Hearing for at least 90 days pending the allowance of Mr. Whitman's Motion for Leave to File Third-Party Complaint in order to bring the Turners into this action and into the settlement process.

Respectfully submitted,

/s/ Stephen D. Riden
Thomas I. Elkind, Esq. (BBO # 153080)
Stephen D. Riden, Esq. (BBO # 644451)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, Massachusetts 02199
(617) 342-4000

Counsel for Defendants Charles Whitman a.k.a. Chuck Whitman, C.T.W. Development Corporation, and Restaurant Concepts Unlimited Corporation

Dated: November 4, 2005

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I certify that the provisions of Local Rule 7.1(A)(2) have been complied with and that I have conferred with Plaintiff's counsel in good faith to resolve and narrow the issues raised in Charles Whitman's Motion to Continue Alternative Dispute Resolution Hearing.

/s/ Stephen D. Riden
Stephen D. Riden

Counsel to Defendants Charles Whitman a.k.a. Chuck Whitman, C.T.W. Development Corporation, and Restaurant Concepts Unlimited Corporation