UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GROUND ROUND INDEPENDENT OWNERS COOPERATIVE, LLC,<br><br>*Plaintiff*,<br><br>- vs. -<br><br>CHARLES WHITMAN a.k.a. Chuck Whitman, C.T.W. DEVELOPMENT CORPORATION, RESTAURANT CONCEPTS UNLIMITED CORPORATION,<br><br>*Defendants*. | Civil Action No.: 05-CV-10780-NMG |

**PLAINTIFF'S OPPOSITION TO CHARLES WHITMAN'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**

Plaintiff, The Ground Round Independent Owners Cooperative, LLC ("IOC"), hereby opposes Charles Whitman's Motion for Leave to File Third-Party Complaint (the "Motion"). In support of its opposition, IOC states the following:

On October 31, 2005, Mr. Charles Whitman filed his motion for leave to join in this action David D. and Mollie J. Turner, co-guarantors of the Franchise Agreement, whom he alleges may be liable for part of IOC's claims against Mr. Whitman. Mr. Turner cannot be joined in this action because he has filed a petition for bankruptcy in the Northern District of Ohio and, therefore, 11 U.S.C. § 362 (the "Automatic Stay") serves as a bar to his being joined as a party to this case. Mr. Whitman decided to file his motion knowing and/or having reason to know that Mr. Turner had filed a petition for bankruptcy in a U.S. Bankruptcy Court in the Northern District of Ohio, on or about August 1, 2005. See In re: D & M Turner Enterprises, Inc., C.A. No. 05-44529 (N.D. Ohio 2005).

Furthermore, Mr. Whitman decided to file his motion to join the parties to further delay this litigation and to avoid pending mediation in November. Importantly, LR, D. Mass. 3.02(b) provides that Mr. Whitman's motion to add new parties should <u>not</u> be accepted by this Court for filing as it was not accompanied by a certificate from Mr. Whitman's counsel indicating that the amendments to add the parties are being sought as soon as they reasonably became aware of the identity of the proposed new parties. Both Mr. Whitman and his counsel have known, at least since May, 2005, of the identity of the two parties Mr. Whitman <u>now</u> seeks to join.

The Comments to Rule 3.02 acknowledge that "[w]hether planned or not … the late addition of parties inevitably delays the case and generates unnecessary procedural litigation ... [Therefore, e]xcept in extraordinary circumstances, no motion to amend a party's pleading to add a new party should be allowed more than three months after the party's initial pleading was filed unless a showing is made, by affidavit or otherwise, that the moving party: (1) was not aware, and with due diligence reasonably could not have been aware, of the identity of the proposed new party, or (2) was not aware, of facts sufficient to put that party on notice of the claim against the proposed new party ..." Explaining the rationale for this Rule, the Reporter's Notes explain that "Rule 3.02 is not designed to undermine the liberal amendment policy of [Rule 15], but to provide some guidance as to when leave to amend should be "freely given" and to encourage the early addition of parties." Under the circumstances of this case, this Court should deny Mr. Whitman's motion and order that the parties continue the litigation as planned. Mr. Whitman should also be compelled to promptly attend the mediation that he agreed to participate in.

WHEREFORE, IOC respectfully requests that this Court:

1.   Deny Mr. Whitman's motion for leave to join the two parties;

2.   Strike Mr. Whitman's third-party claims;

3.  Order that the parties continue the litigation as planned;

4.  Compel Mr. Whitman's attendance at the mediation that he agreed to participate in;

5.  Award Eikos attorneys' fees and costs incurred in opposing this motion; and/or

6.  Grant such other and further relief as this Court deems just and appropriate.

Respectfully submitted by,

**THE GROUND ROUND INDEPENDENT OWNERS COOPERATIVE, LLC,**

By its attorneys,

/s/ Juan Alexander Concepción
_____
Richard C. Pedone (BBO #630716)
Juan Alexander Concepción (BBO #658908)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

Dated: November 14, 2005

BOS1543301.1