UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GROUND ROUND INDEPENDENT OWNERS COOPERATIVE, LLC,<br><br>*Plaintiff,*<br><br>- vs. -<br><br>CHARLES WHITMAN a.k.a. Chuck Whitman, C.T.W. DEVELOPMENT CORPORATION, RESTAURANT CONCEPTS UNLIMITED CORPORATION,<br><br>*Defendants.* | Civil Action No.: 05-CV-10780-NMG |

**PLAINTIFF'S OPPOSITION TO CHARLES WHITMAN'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**

Plaintiff, The Ground Round Independent Owners Cooperative, LLC ("IOC"), hereby opposes Charles Whitman's Motion for Leave to File Third-Party Complaint (the "Motion"). In support of its opposition, IOC states the following:

On November 28, 2005, Mr. Charles Whitman filed his motion for leave to join in this action Mollie J. Turner, a co-guarantor of the Franchise Agreement, whom he alleges may be liable for part of IOC's claims against Mr. Whitman. Mrs. Turner should not be joined in this action because Mr. Whitman has decided to file his motion to join her to further delay this litigation.

Local Rule 15.1(A) provides unambiguously that "[a]mendments adding parties shall be sought as soon as an attorney reasonably can be expected to have become aware of the identity of the proposed new party." Both Mr. Whitman and his counsel have known, at least since May, 2005, of the identity of the party Mr. Whitman now seeks to join in this case. In addition, Local Rule 3.02(b) makes it clear that Mr. Whitman's motion to add a new party should not be

BOS1547458.1

accepted by this Court for filing because it was not accompanied by a certificate from Mr. Whitman's counsel indicating that LR 15.1 has been properly satisfied. Moreover, Mr. Whitman's motion should also be denied because it was not accompanied by a second certificate stating that Mr. Whitman's motion has been properly served in advance on Mrs. Turner, as required by the Local Rules.

The Comments to Rule 3.02 acknowledge that "[w]hether planned or not ... the late addition of parties inevitably delays the case and generates unnecessary procedural litigation ... [Therefore, e]xcept in extraordinary circumstances, no motion to amend a party's pleading to add a new party should be allowed more than three months after the party's initial pleading was filed unless a showing is made, by affidavit or otherwise, that the moving party: (1) was not aware, and with due diligence reasonably could not have been aware, of the identity of the proposed new party, or (2) was not aware, of facts sufficient to put that party on notice of the claim against the proposed new party ..." Explaining the rationale for this Rule, the Reporter's Notes indicates that "Rule 3.02 is not designed to undermine the liberal amendment policy of [Rule 15], but to provide some guidance as to when leave to amend should be "freely given" and to encourage the early addition of parties."

Under the circumstances of this case, this Court should deny Mr. Whitman's motion and order that the parties continue the litigation as planned. Mr. Whitman should also be compelled to promptly attend the mediation that he agreed to participate in.

WHEREFORE, IOC respectfully requests that this Court:

1.  Deny Mr. Whitman's motion for leave to join Mollie Turner;

2.  Strike Mr. Whitman's third-party claims;

3.  Order that the parties continue the litigation as planned;

4. Compel Mr. Whitman's attendance at the mediation that he agreed to participate in; and/or

5. Grant such other and further relief as this Court deems just and appropriate.

    Respectfully submitted by,

    **THE GROUND ROUND INDEPENDENT OWNERS COOPERATIVE, LLC,**

    By its attorneys,

    /s/ Juan Alexander Concepción
    _____

    Richard C. Pedone (BBO #630716)
    Juan Alexander Concepción (BBO #658908)
    NIXON PEABODY LLP
    100 Summer Street
    Boston, MA 02110
    (617) 345-1000

Dated: December 12, 2005

BOS1547458.1