UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GROUND ROUND INDEPENDENT OWNERS COOPERATIVE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES WHITMAN a.k.a. Chuck Whitman, C.T.W. DEVELOPMENT CORPORATION, RESTAURANT CONCEPTS UNLIMITED CORPORATION,<br><br>Defendants.<br><hr>CHARLES WHITMAN,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>MOLLIE J. TURNER,<br><br>Third-Party Defendant. | Civil Action No. 1:05-cv-10780-NMG |

### THIRD-PARTY COMPLAINT

1.  The Third-Party Plaintiff is Charles Whitman. Mr. Whitman is a defendant in the action commenced by plaintiff The Ground Round Independent Owners Cooperative, LLP ("Ground Round").

2.  Upon information and belief, Third-Party Defendant Mollie J. Turner is an individual who resides at 9838 Callawoods Drive, Canfield, Ohio 44406.

3.  This Court has personal jurisdiction over Mollie Turner because she consented to this venue.

BOST_187749.1

4.  This Court has supplemental jurisdiction over Mr. Whitman's claims.

5.  Ground Round filed a Complaint against Mr. Whitman alleging that, on or about February 12, 1995, The Ground Round, Inc. (as franchisor) and D&M Turner Enterprises, Inc. (as franchisee) entered into a franchise agreement (the "Franchise Agreement") for the operation of a restaurant located at 3701 Elm Road, Route 82, Warren, OH 44483.

6.  Ground Round alleges in its Complaint that the Franchise Agreement was personally guarantied by Mr. Whitman.

7.  The Franchise Agreement was personally guarantied by Mollie Turner.

8.  Ground Round alleges that it is the successor to the original franchisor's interest in the Franchise Agreement and that Restaurant Concepts Unlimited Corporation ("Restaurant Concepts") is the successor to the original franchisee's interest.

9.  Ground Round alleges that the Franchise Agreement requires accurate reporting of each month's gross sales for the preceding month, at which time all fees required to be paid were to be remitted.

10. Ground Round alleges that the Franchise Agreement also contains acknowledgments and agreements by the franchisee concerning the continued use of Ground Round's proprietary marks or any methods associated with the name "Ground Round" after the termination of the Franchise Agreement.

11. Ground Round alleges that Restaurant Concepts failed to pay when due all monies owed to Ground Round under the Franchise Agreement, and Restaurant Concepts failed to report gross sales necessary for calculating franchise and advertising fees due under the Franchise Agreement.

12. Ground Round asserts a claim of breach of contract against Mr. Whitman based on (1) the alleged default under the Franchise Agreement; and (2) Mr. Whitman's alleged guaranty of the Franchise Agreement.

13. Ground Round seeks damages in excess of $145,500 for its breach of contract claim.

14. Ground Round also asserts claims of (1) trademark infringement, (2) unfair competition, and (3) injunction and specific performance.

## COUNT I
### (Contribution)

15. Mr. Whitman hereby incorporates by reference the allegations contained in the foregoing paragraphs of this Third-Party Complaint.

16. If Mr. Whitman is found liable to Ground Round on any of the claims asserted by Ground Round in the Complaint, any such liability would be as a result of his alleged guaranty of the Franchise Agreement, which Mollie Turner also guarantied.

17. As a result of Mollie Turner's agreement to act as co-guarantor of the Franchise Agreement, Mr. Whitman is entitled to contribution from her for any payment or liability beyond the extent of Mr. Whitman's share of his alleged guaranty.

## COUNT II
### (Declaratory Judgment)

18. Mr. Whitman hereby incorporates by reference the allegations contained in the foregoing paragraphs of this Third-Party Complaint.

19. In light of the allegations contained herein, an actual and justiciable controversy within the meaning of 28 USC § 2201(a), has arisen and exists between Mr. Whitman and the Third-Party Defendant as to the parties' rights and obligations concerning whether Mollie Turner, as co-guarantor of the Franchise Agreement, is obligated to exonerate Mr. Whitman from any

liability beyond the extent of his own share as a third alleged co-guarantor of the Franchise Agreement.

20. Mr. Whitman is entitled to a binding declaration from the Court that Mollie Turner is required to exonerate Mr. Whitman from any liability beyond the extent of his own share of his alleged guaranty of the Franchise Agreement.

WHEREFORE, Third-Party Plaintiff Charles Whitman demands relief as follows:

1. That Mollie Turner be ordered to perform and/or pay to Mr. Whitman any and all amounts or performance beyond the extent of Mr. Whitman's share of his alleged guaranty that he is found liable to perform or pay to Ground Round, plus costs;

2. Declare that Mollie Turner is obligated to exonerate Mr. Whitman from any and all liability beyond the extent of Mr. Whitman's share of his alleged guaranty that he is found liable to pay to Ground Round; and

3. For such further relief as this Court deems just and proper.

Respectfully submitted,

_____
Thomas I. Elkind, Esq. (BBO # 153080)
Stephen D. Riden, Esq. (BBO # 644451)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, Massachusetts 02199
(617) 342-4000

Counsel for Defendants Charles Whitman a.k.a. Chuck Whitman, C.T.W. Development Corporation, and Restaurant Concepts Unlimited Corporation

Dated: November 28, 2005